Maria E. Andrade, ISB 6445
Benjamin E. Stein, ISB 9306
ANDRADE LEGAL
P.O. Box 2109
Boise, ID 83701
(208) 342-5100 tel.
(208) 342-5101 fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| ROSALBA VARGAS-ORTIZ, | Civil No. 14-393 |
| PLAINTIFFS, | **PLAINTIFF'S COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF** |
| vs. | |
| MICHAEL J. CONWAY, Boise Field Office Director of United States Citizenship and Immigration Services; KRISTI BARROWS, District Director of the United States Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | Agency Doc. No.:  A090-422-457<br>Agency File No.:  MSC1390742702 |
| DEFENDANTS. | |

## I.    PRELIMINARY STATEMENT

1. The Plaintiff, Rosalba Vargas-Ortiz (formerly Rosalva Vargas-Ambriz),

    has resided lawfully in the United States for over twenty years.  The

COMPLAINT    1

Defendants have issued her at least two documents proving that she is a lawful permanent resident alien.

2. The Plaintiff is required by law to carry proof of her lawful immigration status. The Defendants have a corresponding duty to issue proof of lawful status upon a person who holds such status, submits the proper application and pays the requisite fee.

3. Despite having previously issued the Plaintiff two lawful permanent resident alien cards, each valid for ten years, the Defendants refused to issue the Plaintiff a new card when she attempted to renew her expiring card in 2002 without explanation.

4. When the Plaintiff attempted to renew the card through submission of yet another form and required fee in 2008, the Defendants denied the application without explanation.  Even worse, the Defendants invented a new alien number for her and referred her to immigration court for removal proceedings.

5. The removal proceedings were quickly dismissed by the Court on a motion made by the Department of Homeland Security alleging that the charging document was improvidently issued.

6. The Plaintiff is now without any remedy before the immigration court.

7. Once again, the Plaintiff attempted to secure a replacement permanent resident card by filing another application form. The application was again denied. The decision stated that the Defendants had no record of

the Plaintiff's resident alien status despite the fact that it had previously recognized that the Plaintiff held this status. The Plaintiff filed a permissive Motion to Reconsider which was denied in December of 2013.

8. The Defendants assigned the Plaintiff a new alien number without following any identifiable procedure for doing so outlined in the Immigration and Nationality Act (hereinafter "INA") or its implementing regulations.

9. There Defendants also effectively erased her record of lawful status in this country without following the established procedure for rescinding an individual's permanent resident status.

10. The Plaintiff has exhausted all administrative remedies in her attempt to compel the Defendants to re-issue her permanent resident card.

11. The Defendants' refusal to issue the Plaintiff proof of her lawful resident status violates section 264(d) of the INA, which provides that the agency *shall* issue a certificate of registration to aliens who have followed the applicable procedure.

12. The Plaintiff seeks judicial review of the Defendants' refusal to provide the Plaintiff proof of her lawful resident status under the Administrative Procedures Act.

13. The Plaintiff brings this action seeking an order instructing the Defendants to immediately provide proof of lawful resident status to the Plaintiff.

14. The Plaintiff seeks declaratory and injunctive relief, her attorney's fees, and her costs.

## II.   JURSIDICTION AND VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1651 (the All Writs Act), and 28 U.S.C. § 1361 (jurisdiction over actions for mandamus).  Insofar as the Defendants have unlawfully withheld documents, unreasonably delayed action and failed to act as specified below, this Court has jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 701 et seq.

16. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402(b) because the United States is a defendant, the cause of action arises in this judicial district, and the Plaintiff resides in the state of Idaho.

17. An actual controversy has arisen and now exists between Plaintiff and Defendants.

## III.   PARTIES

18. The Plaintiff was born February 16, 1965, in Michoacán, Mexico with the name Rosalva Vargas-Ambriz.  She later acquired the name Rosalba Vargas-Ortiz through marriage.  She currently is a resident of Glenns

Ferry, Idaho. She is the mother of four U.S. citizen children and one lawful permanent resident son.

19. Defendant Michael J. Conway is the Field Office Director of the Boise Office of United States Citizenship and Immigration Services (hereinafter "USCIS"). As such, Defendant Conway is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens, including the issuance of proof of lawful immigration status to lawful permanent residents residing in the Boise district. Defendant Conway is sued in his official capacity. Defendant Conway reports to Defendant Therese Tierney.

20. Defendant Therese Tierney is the District Director of the Central Region of USCIS. As such, Defendant Tierney is charged by statute with the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of aliens, including the issuance of documents used as proof of lawful immigration status to lawful permanent residents residing in her district. Her district includes the state of Idaho. Defendant Tierney is sued in her official capacity.

21. Defendant USCIS is an agency within the United States Department of Homeland Security[1] and, pursuant to 8 U.S.C. § 1103(a), is charged with

---

[1] Prior to the formation of the Department of Homeland Security (hereinafter "DHS") in 2003, the Immigration and Naturalization Service (hereinafter "legacy INS") was responsible for issuing immigration benefits. The Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

administering and enforcing the laws related to immigration and nationality pursuant to a delegation of authority from the Secretary of Homeland Security of the United States.

### IV. FACTUAL ALLEGATIONS

22. In February of 1988, the Plaintiff applied for temporary residency pursuant to the Immigration Reform and Control Act of 1986. Pub. L. 99-603, 100 Stat. 3445. Among other things, the Act provided legalization for certain seasonal farmworkers. The Plaintiff obtained permanent residence automatically by operation of law, pursuant to INA § 210(a)(2).

23. The Plaintiff was eligible for legalization under this Act as a fruit farmworker in Sanger, California. On her application, the Plaintiff stated that her name was "Rosalva Vargas-Ambriz" and that her date of birth was "02/16/1965."

24. Defendant USCIS, legacy INS, subsequently issued the Plaintiff a temporary resident card pursuant to INA § 210(a) reflecting the name "Maria Rosalva Vargas," instead of "Rosalva Vargas-Ambriz." The card also contained the birth date of "02/03/1965" instead of "02/16/1965."

25. The Plaintiff immediately informed the Defendant USCIS of the errors on her temporary residence card. A USCIS official told her that because the alien number, photo and fingerprint were accurate, the card's errors

---

The acts of legacy INS are therefore held attributable to USCIS.

were not a problem. In addition, the Defendant USCIS did not inform the Plaintiff of any procedures to correct the errors on the card. The Plaintiff used the temporary resident card given to her by Defendant USCIS for work, travel, and identification purposes until 1992.

26. If the Defendant USCIS wished to terminate the Plaintiff's temporary status prior to her adjustment to permanent residence, the Defendant USCIS was required to hold a proceeding and give the Plaintiff an opportunity to object. INA § 210(a)(3); 8 C.F.R. § 210.4(d)(3).

27. At no time did the Defendants seek to terminate the Plaintiff's temporary residence status.

28. The Plaintiff went to the Defendant's office in Boise, Idaho to renew her expiring card in 1992. The Plaintiff filed the proper form and paid the requisite fee. On the form, the Plaintiff wrote her correct name—"Rosalba Vargas de Ortiz"—because she had recently married her husband, Martin Ortiz; she also wrote her correct date of birth of "02/16/1965."

29. The Defendant USCIS then provided the Plaintiff with a permanent resident alien card with an incorrect name and date of birth. The card contained the name "Maria Guadalupe Bueno de Vargas." It also contained the incorrect date of birth of "02/03/1965" instead of "02/16/1965."

30. The Plaintiff immediately went to the Boise USCIS office and asked the agency to correct the errors. The Plaintiff was told that inaccuracies were not an issue because the photo was hers, the alien number was hers, and the fingerprints were hers.

31. In 2002, the Plaintiff again went to the Boise USCIS office to renew her expiring permanent resident alien card. She again told Defendant USCIS that her correct name was "Rosalva Vargas de Ortiz" and that her correct birthdate was "02/16/1965." Instead of assisting her to correct the errors, the Defendant then took the expiring card from her and gave her a temporary permanent resident alien card with the name "Maria Vargas" and an incorrect date of birth of "03/02/1965."

32. Defendant USCIS told the Plaintiff that she would be receiving a new permanent card in the mail with accurate information, but none ever arrived.

33. Each of the permanent resident alien cards that the Defendants issued the Plaintiff contained her photo and fingerprints.

34. Each of the permanent resident alien cards that the Defendants issued the Plaintiff contained the same alien number: 090-422-457.

35. The Plaintiff is required to carry proof of lawful immigration status pursuant to 8 C.F.R. § 264.1(b).

36. After the Defendants refused to issue the Plaintiff a replacement permanent resident card as set forth above, the Plaintiff filed another I-

COMPLAINT   8

90 application on May 20, 2008. Because the need to file another I-90 was due to Defendants' error, no filing fee was required.

37. On the May 20, 2008 application, the Plaintiff indicated that she needed a replacement card because the prior card was issued with incorrect information as a result of a USCIS administrative error.

38. On the May 20, 2008 application, the Plaintiff provided the name "Rosalva Vargas-Ambriz" and a date of birth of "02/03/1965." In an attached affidavit, the Plaintiff explained that her correct birthdate was "02/16/1965" and that she had previously recorded a different name and date of birth because the Defendants had created and maintained a record for her with that incorrect information since 1988, despite her efforts to correct the information.

39. The May 20, 2008 application included a written chronology regarding the various permanent resident cards that the Defendants had issued the Plaintiff in the past. The May 20, 2008 application also included a copy of each of the cards that the Defendants had issued her, as well as copies of her social security card, birth certificate, and Mexican identification card.

40. The Defendants have a nondiscretionary duty to issue a certificate of alien registration pursuant to section 264(d) of the INA.[2] 8 U.S.C. § 1304(d).

41. After the Defendants failed to adjudicate the I-90 application within eight months, the Plaintiff requested an in-person meeting with Defendant Conway. On February 10, 2009, through an agent of Defendant Conway, Defendants stated that they believed the Plaintiff was a lawful permanent resident and did not suspect she had committed any fraud. The Defendants also informed her that there had been many cases where legacy INS had made errors on the green cards that had been granted under amnesty. Defendant Conway then issued the Plaintiff a temporary card and said, through his agent, that he would follow up with the Plaintiff.

42. On May 11, 2009, Defendant Conway's agent informed the Plaintiff, through counsel, that there was nothing helpful in the Plaintiff's alien file and that the agency would give her a Notice to Appear (hereinafter "NTA") and "have her go before an Immigration Judge to resolve this mess." No NTA was issued on this date.

---

[2] INA § 264(d) provides: "Every alien in the United States who has been registered and fingerprinted under the provisions of the Alien Registration Act, 1940, or under the provisions of this Act *shall* be issued a certificate of alien registration or an alien registration receipt card in such form and manner and at such time as shall be proscribed under regulations issued by the Attorney General." 8 U.S.C. § 1304(d).

COMPLAINT 10

43. On September 10, 2009, the Plaintiff appeared in Defendants' office in Boise to further discuss her application. At this interview, the Plaintiff explained that the Defendant USCIS had repeatedly issued permanent resident cards with incorrect data, and that the Plaintiff had consistently sought to correct these errors.

44. On October 19, 2009, the Defendants denied the Plaintiff's properly tendered I-90 application and asserted that there was no evidence of permanent residence, despite having by their own admission issued the Plaintiff multiple permanent resident cards. In its denial, the Defendants issued the Plaintiff a new alien number: 089-926-962. This alien number did not exist until the Defendants created it.

45. On October 19, 2009, Defendant Conway issued an NTA that reflected the 089-926-962 alien number, and charged the Plaintiff as removable pursuant to INA § 212(a)(7)(A)(i)(I) because she was not in possession of a valid unexpired immigration identification document,[3] directly contradicting their stated belief that she was a lawful permanent resident.

46. On November 4, 2010, the Plaintiff's removal hearings were terminated when the Immigration Judge granted the DHS counsel's motion to

---

[3] INA § 212(a)(7)(A)(i)(I) provides that any immigrant at the time of an application for admission "who is not in possession of a valid unexpired immigration visa, reentry permit, border crossing identification card, or other valid entry document required by [the INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulation issued by the Attorney General" is inadmissible.

COMPLAINT 11

dismiss the proceedings on the basis that the NTA that Defendant Conway signed was improvidently issued.

47. On March 7, 2013, the Plaintiff again filed Form I-90, Application to Replace Permanent Resident Card, in compliance with the regulations set forth at 8 C.F.R. § 264.5(e). The filing included: a marriage certificate showing that the Plaintiff's last name had been changed to Ortiz; the requisite fee, pursuant to 8 C.F.R. § 103.7(b)(1); and copies of the prior permanent resident cards that the Defendant USCIS had bestowed upon the Plaintiff.

48. In the March 7, 2013 application, the Plaintiff wrote the name "Rosalba Vargas Ortiz" and the correct birth date of "02/16/1965." This time, the Plaintiff used the 089-926-962 alien number, the number that Defendant Conway assigned to her when she was referred to removal proceedings.

49. The prior permanent resident alien cards submitted by the Plaintiff are DHS records that verify the Plaintiff's permanent resident alien status pursuant to 8 C.F.R. § 103.2(b)(17)(i).[4] Each of these permanent resident

---

[4] 8 C.F.R. § 103.2(b)(17)(i) provides: "The status of an applicant or petitioner who claims that he or she is a permanent resident of the United States or was formerly a permanent resident of the United States will be verified from official Department records. These records include alien and other files, arrival manifests, arrival records, Department index cards, Immigrant Identification Cards, Certificates of Registry, Declarations of Intention issued after July 1, 1929, Permanent Resident Cards, or other registration receipt forms (provided that such forms were issued or endorsed to show admission for permanent residence), passports, and reentry permits. An official record of a Department index card must bear a designated immigrant visa symbol and must have been prepared by an authorized official of the Department in the course of processing immigrant admissions or adjustments to permanent resident status. Other cards, certificates, declarations, permits, and passports must have been issued or endorsed to show admission for permanent residence. Except as otherwise provided in 8 CFR part 101, and in the absence of

COMPLAINT 12

cards contained the Plaintiff's signature, fingerprints, photograph, and the 090-422-457 alien number.

50. On September 24, 2013, the Defendants issued a denial of the I-90 application and stated that there was no evidence that the Plaintiff was, or had ever been, a permanent resident alien of the United States. The decision specifically stated that there was no evidence of malice on the part of the Plaintiff.

51. On October 24, 2013, the Plaintiff filed a timely motion to reconsider with Defendant Conway. The motion to reconsider argued, among other things, that the Defendants' assertion that there was no record of the Plaintiff's permanent resident alien status was clearly erroneous, and that because the Defendants had previously affirmed the Plaintiff's permanent resident status the agency was obligated to produce a replacement card for the Plaintiff or initiate proceedings to rescind the permanent resident status it previously bestowed upon her pursuant to INA § 246(a).

52. On December 7, 2013, Defendant Conway denied the motion to reconsider. The Plaintiff has now exhausted all administrative remedies.

53. The Defendants' failure to follow its nondiscretionary duty to issue the Plaintiff a replacement permanent resident alien card has placed the

countervailing evidence, such official records will be regarded as establishing lawful admission for permanent residence."

Plaintiff in legal limbo. The Defendants refuse to issue the Plaintiff proof of her lawful immigration status, yet an Immigration Judge has determined that she cannot be removed for lack of lawful immigration status.

54. The Plaintiff is unable to seek any immigration benefits because the Defendants have failed to maintain accurate records of the Plaintiff's lawful status and identity.

55. The actions and omissions have severely prejudiced the Plaintiff by preventing her from pursuing lawful immigration status through her lawful permanent resident husband, or enabling her to pursue lawful resident status through an application for cancellation of removal with the immigration court. *See* INA § 240A(a)-(b).

56. There is no factual or legal justification for the Defendants' failure to re-issue the Plaintiff proof of her permanent resident status. The agency has acted arbitrarily by granting the Plaintiff at least three different cards recognizing her residency, and then suddenly, with zero explanation, failing to produce a new permanent resident card and neglecting to invoke rescission proceedings.

57. The Defendants' failure has caused, and continues to cause, irreparable injury and emotional suffering to the Plaintiff, including: inability to travel to Mexico to visit her elderly mother; inability to attend her father's funeral in Mexico in 2005; loss of employment, and continuing

COMPLAINT 14

unemployment, owing to her apparent lack of work authorization; inability to obtain a driver's license or vehicle insurance, for which she has received multiple citations; and dependence on others for transportation. When the Plaintiff was employed, she could not work peacefully because others accused her of being undocumented; she was also precluded from pursuing better employment opportunities. The Plaintiff has also lost accrued time in permanent resident status that is necessary to apply for United States Citizenship through naturalization. Her inability to prove her lawful status has exacerbated child custody issues with her spouse, and she has had to spend thousands of dollars on attorney fees to correct the agency's error. The worst thing, she reports, is that her children ask her for things that she cannot provide for them because she is unable to work.

### V.　CAUSE OF ACTION

58. The Defendants' failure to provide the Plaintiff with a proof of lawful resident status constitutes a violation of the Immigration and Nationality Act, the Administrative Procedures Act and the United States Constitution. The Defendants have a clear duty to provide the Plaintiff proof of her lawful immigration status, and there is no other adequate remedy available.

59. The Defendants attempt to terminate the Plaintiff's lawful resident status without properly invoking a rescission hearing violates the

Immigration and Nationality Act, the Administrative Procedures Act and the United States Constitution.

VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

a. Enter a declaratory judgment declaring the Defendants' failure to issue to the Plaintiff a permanent resident card to be arbitrary, capricious, and not in accordance with law;

b. Issue and order requiring Defendants to immediately issue proof of lawful permanent resident alien status to the Plaintiff retroactive to the date that the status was first bestowed upon her;

c. Grant the Plaintiff reasonable attorney's fees and costs pursuant to 28 U.S.C § 2412; and,

d. Such other relief that the Court deems just and equitable.

Dated this 17th day of September 2014.

          ____/S_____
          Benjamin E. Stein
          Andrade Legal
          Of Attorneys for Plaintiffs